UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CURTIS HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    NO. 21-11976-JGD |
| MIDDLESEX COMMUNITY COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

April 6, 2022

DEIN, U.S.M.J.

*Pro se* plaintiff Curtis Howell has filed an amended complaint in which he alleges that the Middlesex Community College ("MCC") wrongfully prevented him from receiving financial aid, which resulted in him withdrawing from school. Howell has filed two motions for leave to proceed *in forma pauperis*, a motion for the appointment of counsel, and two other motions. For the reasons stated below, the Court will GRANT the *in forma pauperis* motions, deny the other motions, and direct Howell to file a second amended complaint.

**I.     Motions for Leave to Proceed *in Forma Pauperis***

Upon review of Howell's motions for leave to proceed *in forma pauperis*, the Court concludes that he is unable to pay the filing fee. According, the motions are GRANTED.

**II.     Review of the Amended Complaint**

Summonses have not issued pending the Court's preliminary review of the amended complaint. Federal law authorizes a federal court to dismiss an *in forma pauperis* complaint *sua*

*sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court liberally construes Howell's complaint because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### A.    Howell's Claims

The Court summarizes the factual allegations of Howell's amended complaint, treating all well-pled allegations as true for purposes of this order.

In April 2021, Howell filled out a Free Application for Federal Student Aid ("FAFSA") for funds to attend college. He was approved for a Pell grant in the amount of $6,450.00. Thereafter, he applied for and was granted admission to MCC. He then registered for five courses at MCC.

On September 1, 2021, Howell went to the MCC campus to get funds for books and a computer. The MCC staff told Howell that the financial aid office needed to verify Howell's GED credential. Howell then called the federal student financial aid and was told that "there was no problems nor nothing needed." Compl. ¶ 8 (as in original). Nonetheless, Howell was informed again by a MCC staff member that he needed to provide his GED credential. Howell disputed this requirement because he had been to college before and received financial aid without having this issue. The staff member "started to get aggressive with tone and speech and [Howell] felt discriminated so [he] left. *Id.* ¶ 13.

At some point, Howell returned to the MCC campus to provide his previous college transcript. Howell was "denied entrance" to the school." *Id.* ¶ 15. He "wrote a complaint to the school and then [he] withdrew from the school 9/5/21." *Id.* ¶ 17. Howell also submitted a

"complaint to MCAD and then an appeal without getting a decision in proper time [] frame." *Id.*
¶ 18.

Howell claims that MCC discriminated against him on the basis of disability.

**B.    Discussion**

To state a claim for relief, a complaint must include "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's
obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "contain sufficient
factual matter, accepted as true" to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Id.*

Here, Howell's complaint fails to state a claim upon which relief may be granted because
it fails to set forth a plausible claim of unlawful discrimination based on disability.  As a
threshold issue, Howell does not identify his disability.  Further, Howell's assertions that MCC
discriminated against him on the basis of disability are entirely conclusory.  Howell does not
make any specific factual allegations from which the Court could reasonably infer that MCC
treated him differently than a person without his disability or failed to reasonably accommodate
his disability.  He does adequately allege that MCC acted in wrongfully requiring him to provide
his GED credential, but these allegations alone do not support a claim for unlawful disability
discrimination.

In addition, Howell fails to state a claim for relief against the Massachusetts Commission
Against Discrimination ("MCAD").  The only allegation that Howell makes against the MCAD

is that he "wrote a complaint to MCAD and then an appeal without getting a decision in proper time [] frame."  Compl. ¶ 18.  A state agency's failure to provide a decision with the "proper" time frame does not state a violation of federal rights.  A litigant who claims that the MCAD failed to accommodate his disability or otherwise discriminated against him based on his disability may be able to state a claim of unlawful discrimination.  But, Howell does not provide any such allegations.

C.      **Filing of a Second Amended Complaint**

If Howell would like to proceed with this action, he must, within 35 days of the date of this Memorandum and Order, file a second amended complaint in which he asserts specific factual allegations from which the Court can reasonably infer that MCC failed to accommodate his disability or otherwise acted with a discriminatory animus.  If he wishes to pursue a claim against the MCAD, he must set forth factual allegations from which the Court may reasonably infer that the agency discriminated against him on the basis of disability.   Because the second amended complaint will completely replace the earlier pleadings, the second amended complaint must contain all factual allegations and legal claims Howell wishes to assert.

III.    **Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.      The motions for leave to proceed *in forma pauperis* are GRANTED.

2.      If Howell wishes to proceed with this action, he must, within thirty-five (35) days, file a second amended complaint that cures the above-discussed pleading deficiencies.  Failure to comply with this directive may result in dismissal of this action by a District Judge.

3.      The motion for counsel is DENIED without prejudice.

4.      Howell's motions to correct clerical error and for pro se court cost are DENIED

without prejudice.

SO ORDERED.

 /s/ Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge