UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CURTIS HOWELL, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>MIDDLESEX COMMUNITY COLLEGE, et )<br>al., )<br> )<br> Defendants. )<br> ) | CIVIL ACTION<br>NO. 21-11976-JGD |

## **ORDER**

June 6, 2022

DEIN, U.S.M.J.

On April 4, 2022, the Court entered an order directing *pro se* plaintiff Curtis Howell to file a second amended complaint within 35 days. (Dkt. No. 12). The Court stated that failure to do so could result in dismissal of this action. On May 5, 2022, Howell filed a document entitled "Complaint," which appears to be Howell's attempt to comply with the Court's May 5, 2022, order. (Dkt. No. 17). Middlesex College is the only defendant named in the pleading. The clerk docketed the pleading as a "Proposed Document." In addition, since the Court's April 4, 2022, order, Howell has filed motions for "attorney cost and fees," relief from judgment, and for default. (Dkt. Nos. 13-16).

Upon review of Howell's filings, the Court hereby orders:

1. The clerk shall docket the pleading that Howell filed on May 5, 2022 (Dkt. No. 17), as a second amended complaint. The clerk shall also terminate the Massachusetts Commission Against Discrimination as a defendant in this action.

2.      The Motion for Attorney Cost and Fees (Dkt. No. 13) is DENIED. In this motion, Howell asks the Court for "funds for attorney cost for supplies, summonses and serving of the complaint," "funds for transportation, request of public records, [and] request for funds of court transcript of proceedings and dispositions (certified records)." Mot. at 1. The Court does not, however, authority to use taxpayer money for all these purposes. The Court may allow a litigant to proceed without prepayment of the filing fee and order that the United States Marshals Service effect service of certain documents with all costs to be advanced by the United States. In very narrow circumstances, the Court may permit an indigent litigant to receive a free transcript of a proceeding in this court. Regardless of the circumstances of an indigent party, the Court does not have authority to disperse funds to a *pro se* litigant to conduct their own litigation.

3.      The Motion to Object/Motion for Default Judgment (Dkt. No. 14) and the Motion for Relief Of Judgment (Dkt. No. 15) are DENIED. Both motions are based on Howell's apparent yet mistaken impression that Middlesex Community College (or any other previously named defendant) has been obligated to respond the complaint or engage in discovery in this action. When Howell filed this action, he did not pay the $402 filing fee. Instead, he submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, which is commonly referred to as a motion for leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915, a federal court may permit an indigent plaintiff (whether or not a prisoner) to proceed *in forma pauperis*. The party seeking to proceed *in forma pauperis* must submit a "a statement of all assets such [person[1]] possesses [showing] that the person is unable to pay such fees or give

---

[1]The statute uses the word "prisoner," *see* 28 U.S.C § 1915(a)(1), but it is well-recognized that the affidavit requirement applies to all persons seeking in *in forma pauperis* status. *See, e.g.*, *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997). The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error. *See In re Perry v. Secretary of Hous. & Urban*

security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the complaint of a litigant who has been permitted to proceed *in forma pauperis* is subject to an initial screening, even if the plaintiff is not a prisoner.

Here, Howell's complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2). Pending this process, the Court has not ordered that summonses issue. This means that the defendants have not been obligated to respond to the complaint or to a request for waiver of the service of summons. In addition, they have not been under any obligation to respond to any discovery requests. In short, they have not defaulted on the original or amended complaints.

4. The Motion to Object/Motion for Default Judgement (Dkt. No. 16) is DENIED. In this motion, Howell represents that, on April 28, 2022, a bag containing personal property (including two iPads and documents related to the four cases he has filed in this Court) was stolen from him by an MBTA bus driver. Howell believes the theft was a form of "witness intimidation" for filing his federal cases.

The matter is outside of the purview of this action. The Court has no reason to believe that Middlesex Community College or any other previously named defendant in this action was involved with the theft of Howell's property.

---

*Dev.*, 223 B.R. 167, 169 n.2 (8th Cir. 1998); *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

5. Pursuant to 28 U.S.C. § 1915(e)(2), the Court will conduct a preliminary review of the second amended complaint. A summons shall not issue pending this review. Unless and until a summons issues, Middlesex Community College is not required to respond or even appear in this action.

SO ORDERED.

                                             /s/ Judith Gail Dein  
                                             Judith Gail Dein  
                                             United States Magistrate Judge